# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 3:08CV-P460-S

MARTIN ALBERT GORDON                                                           PLAINTIFF

v.

CHARLES JONES *et al.*                                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Martin Albert Gordon filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. The matter is before the Court on motions for summary judgment by Defendants Greyhound Lines, Inc.[1] (DNs 41 and 78) and Tim Gardner, the manager of the Greyhound terminal in Louisville (DN 96). Plaintiff responded to Greyhound's motion for summary judgment (DNs 92 and 98), Defendants filed reply memoranda (DNs 95 and 100), and Plaintiff filed another document, which the Court construes as a sur-reply (DN 97). Defendant Gardner's motion for summary judgment incorporates the same arguments as Defendant Greyhound's. Therefore, the motions are ripe for review. For the following reasons, the Court will grant the motions for summary judgment by Defendants Greyhound and Gardner.

## I. BACKGROUND

The complaint arises out of an incident on January 31, 2008, at the Greyhound Bus Terminal in Louisville. Plaintiff claims that he was attempting to sell items out of a backpack when he was asked to leave the premises. When he did not leave, Plaintiff claims that he was assaulted by a Greyhound cafeteria worker. Plaintiff also states that Defendant Louisville Metro Police Officer Charles Jones, working as a security guard at the Greyhound station, physically

---

[1] Plaintiff names Greyhound Bus Company, Inc. in the complaint. Greyhound has identified its correct name as Greyhound Lines, Inc. in filings with the Court.

abused him while attempting to handcuff him and subsequently tasered him. Plaintiff states that a second police officer then arrived on the scene and tackled him causing him injuries. He claims that two other police officers witnessed the assault by the responding officer. Plaintiff claims that one of the officers issued him a citation falsely charging him with disorderly conduct, criminal trespassing, and resisting arrest. He also asserts in his complaint that the actions of the police officers violated his constitutional rights. He also claims that Defendants Greyhound Lines, Inc., Police Chief Robert White, and Mayor Jerry Abramson were "negligent in not properly screening, training, and/or supervision as all malicious fabricated charges were dismissed on February 29, 2008 in District Court!"

On March 23, 2009, after conducting initial review pursuant to 28 U.S.C. § 1915A, the Court allowed Plaintiff's claim for negligent screening, training, and/or supervision against Defendant Greyhound to proceed past initial screening. Subsequently, the Court granted Plaintiff's motion to amend the complaint, allowing Plaintiff to add a claim against Defendant Gardner for negligent hiring, training, and supervision.[2] No where does Plaintiff allege that Defendant Gardner was present on the night of the alleged incident.

In its motion for summary judgment, Defendant Greyhound contends that the security officers who work in the Greyhound bus terminal are not Greyhound employees. In an affidavit, Defendant Gardner states that the security officers are off-duty police officers and are

---

[2]Following initial review, the Court also allowed Plaintiff's Fourth Amendment claims for illegal search and seizure, malicious prosecution, and excessive force and state-law claims for malicious prosecution, excessive force, assault, and lost property to proceed against Defendants Officer Charles Jones, John Doe II, John Doe III, and Jane Doe I in their individual capacities. Plaintiff later amended the complaint to identify the names of the Doe Defendants as Andy Abbott, Bradley Aubin, and Lieutenant J.T. Duncan. He also added a claim against John Aubrey, the owner of Kentuckiana Law Enforcement, for negligent hiring, training, and supervision.

2

independent contractors who are chosen by and scheduled for shifts by Kentuckiana Law Enforcement. Greyhound attaches its contract with Kentuckiana Law Enforcement. The document states: "In the performance of the Services, Supplier [Kentuckiana Law Enforcement] shall act solely as an independent contractor and nothing herein shall at any time be construed to create the relationship of employer and employee, partnership, principal and agent, or joint venture as between Greyhound and Supplier." Greyhound also attaches the individual contract of Officer Charles Jones, which states: "Your services hereunder shall be performed as an independent contractor and not as an employee of the Company [Greyhound]. Your compensation is not salary for any purpose including pension purposes, and you will not be entitled to any fringe and supplemental benefits of the Company." In addition, Gardner's affidavit states that, "Greyhound Lines, Inc. does not choose the off-duty police officers, but I can comment on performance, if appropriate. Based on my observation, Officer Charles Jones is well-qualified to perform his duties as a security officer."

## II. STANDARD

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he or she has the burden of proof. *Id.* Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery,

the existence of a disputed factual element essential to his case with respect to which he bears the burden of proof. *Id*. If the nonmoving party will bear the burden at trial on a dispositive issue, the nonmoving party must go beyond the pleadings and by his own affidavits, "or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id*. at 324 (internal quotation marks omitted, citing Fed. R. Civ. P. 56(e)). If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Where the nonmoving party bears the burden of proof at trial, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990). The moving party, therefore, is "entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Id*. (internal quotation marks omitted).

### III. ANALYSIS

"As a general rule, an employer is not liable for the torts of an independent contractor in the performance of his job." *Miles Farm Supply v. Ellis*, 878 S.W.2d 803, 804 (Ky. App. 1994). In determining whether one is an independent contractor, Kentucky courts have recognized a list of factors which should be considered. *Unemployment Ins. Commission v. Landmark Community Newspapers*, 91 S.W.3d 575, 580 (Ky. 2002). Several of the factors are relevant

here: the extent of control which, by the agreement, the master may exercise over the details of the work; whether or not the one employed is engaged in a distinct occupation or business; the skill required in the particular occupation; and whether or not the parties believe they are creating the relation of master and servant. In *Landmark*, the court held that "not one of the aforementioned factors is determinative." *Id*. at 580.

Based on these factors, it is clear that Defendant Jones's relationship with Greyhound was that of an independent contractor. The contracts between Greyhound and Kentuckiana Law Enforcement and the contract of Officer Jones specifically state that the security officers were independent contractors. Kentuckiana Law Enforcement chose and scheduled the security officers for work in the Greyhound terminal. The occupation of security guard is separate and distinct for Greyhound's business of providing bus transportation. The skill required in the occupation of a security guard is not that of other Greyhound employees. It is evident from the contract between Greyhound and Jones, stating "services hereunder shall be performed as an independent contractor and not as employee" of Greyhound that neither party believed that it was creating a master-servant relationship. Thus, based on these factors, Defendant Jones was an independent contractor of Defendant Greyhound, and Greyhound cannot be liable for Jones's actions.

Plaintiff offers no evidence that Defendant Jones was not an independent contractor of Greyhound. Furthermore, there is no evidence that Defendants Abbott, Aubin, or Duncan were working as security guards in the Greyhound terminal. It is clear that they were working as Louisville Metro police officers on the night in question.

There may be an exception to general rule that an employer is not liable for the negligent acts of an independent contractor if the work is "inherently dangerous." *Miles Farm Supply*, 878

5

S.W.2d at 804. However, the use of security guards is not an inherently dangerous activity to confer liability on to Greyhound. *See Abbott .v Town of Salem*, No. 05-cv-127-SM, 2007 U.S. Dist. LEXIS 18105, *10 (D.N.H. Mar. 12, 2007) (holding that the provision of security services is not inherently dangerous); *Schreiber v. Camm*, 848 F.Supp. 1170, 1177 (D.N.J. 1994) (holding that "the use of armed security guards to protect one's property is not so inherently dangerous as to confer a nondelegable duty upon the landowner"). Therefore, Defendant Greyhound has no liability for the negligent acts of its independent contractor.

Plaintiff asserts that Defendants Greyhound and Gardner are liable for negligence in screening, training, and supervision of the police officers. However, Plaintiff presents no facts or evidence that Greyhound screened, trained, or supervised Defendant Jones or the other police officers. It is clear from the aforementioned agreements that Jones's employer, Kentuckiana Law Enforcement, did so. However, in certain circumstances, "[a]n employer is subject to liability for physical harm to third persons by his failure to exercise reasonable care to employ a competent and careful contractor." *Hercules Powder Co. v. Hicks*, 453 S.W.2d 583, 588 (Ky. 1970) (citing Restatement (Second) of Torts § 411 (1965)). Plaintiff presents no evidence that Defendant Greyhound failed to exercise reasonable care in hiring Defendants Kentuckiana Law Enforcement or Officer Jones to provide security services or that Kentuckiana Law Enforcement or Jones were not competent or careful contractors prior to being hired by Greyhound. Based on the observation of Defendant Gardner, Defendant Jones was "well-qualified to perform his duties as a security officer."

Therefore, Defendants Greyhound and Gardner are not liable for negligent screening, training, or supervision. *See also Khan v. Houston NFL Holdings LP*, 277 F. App'x 503 (5th Cir. 2008) (granting summary judgment to defendant on claim that it had negligently hired

security guards who injured plaintiff); *Von-Ary v. Cain, LLC*, No. 05 Civ. 991 (LAP), 2009 U.S. Dist. LEXIS 54136, *8-9 (S.D.N.Y. Jun. 26, 2009) (same). Accordingly, the motions for summary judgment by Defendants Greyhound and Gardner will be granted.

### IV. ORDER

For the foregoing reasons, **IT IS ORDERED** that the motions for summary judgment by Defendant Greyhound (DNs 41 and 78) are **GRANTED**. Further, **IT IS ORDERED** that the motion for summary judgment by Defendant Gardner (DN 96) is also **GRANTED**. The Clerk of Court is directed to **terminate** Defendants Greyhound and Gardner as parties to the action.

Date:


cc: Plaintiff, *pro se*
 Counsel of record
4411.010