# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**MARTIN ALBERT GORDON A/K/A ROBERT HILL**                                    **PLAINTIFF**

**v.**                                                        **CIVIL ACTION NO. 3:08CV-P460-S**

**CHARLES JONES** *et al.*                                                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Martin Albert Gordon filed a *pro se* complaint alleging violations of 42 U.S.C. § 1983 and state-law claims. This matter is before the Court on the motion to dismiss by Defendants Bradley Aubin, Andy Abbott, and J.T. Duncan.

## I.

In the original complaint, filed on August 28, 2008, Plaintiff named as Defendants Louisville Metro Police Officer Charles Jones; Chief Robert White; Mayor Jerry Abramson; and John Doe II, John Doe III, and Jane Doe, whom he identified as Louisville Metro Police Officers.[1] Plaintiff alleged that he was involved in an altercation with Defendant Jones and the John and Jane Doe officers at the Greyhound Bus terminal on January 31, 2008.

In the Court's March 26, 2009, Memorandum Opinion (DN 5), the Court gave Plaintiff 120 days to move to amend his complaint to identify specific defendants in place of the John and Jane Doe police officer Defendants or show good cause for his failure to do so, in accordance with Fed. R. Civ. P. 4(m) requiring service on a Defendant within 120 days. By Order entered January 13, 2010 (DN 47), the Court granted Plaintiff's motion to show good cause for his

---

[1] Plaintiff also originally named Defendants Greyhound Bus Company, Inc., and John Doe I, whom Plaintiff identified as a Greyhound cafeteria worker. He later amended his complaint to name Tim Gardner, the manager of the Louisville Greyhound terminal. However, Plaintiff's claims against each of these Defendants have been dismissed. He also amended his complaint to add John Aubrey, whom he identifies as the owner of Kentuckiana Law Enforcement.

failure to name the specific Defendants and extended the time to identify the names of the John and Jane Doe Defendants to 60 days from the date of that Order. Plaintiff filed a motion identifying Defendants Aubin, Abbott, and Duncan as the Doe police officer-Defendants on February 1, 2010 (DN 54). Defendants Aubin, Abbott, and Duncan now move to dismiss the claims against them on grounds the claims against them are barred by the statute of limitations and they do not relate back to the date of the original complaint.

## II.

The statute of limitations for 42 U.S.C. § 1983 actions is governed by the limitations period for personal-injury cases in the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Plaintiff's state-law claims are also governed by a one-year statute of limitations. KRS § 413.140. Plaintiff's allegations against all Defendants arise out of an incident that occurred on January 31, 2008. Therefore, Plaintiff's original complaint, filed on August 28, 2008, is timely. However, the amendment naming Aubin, Abbott, and Duncan, filed on March 1, 2010, appears to be untimely. The question then is whether the addition of these parties satisfies the requirements of Fed. R. Civ. P. 15 allowing the amendment to relate back to the filing date of the original complaint.

Under Fed. R. Civ. P. 15(c)(1):

> An amendment to a pleading relates back to the date of the original pleading when:
> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a

> claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

The requirement of mistake concerning the identity of the proper party under Fed. Civ. R. P. 15(c)(1)(C)(ii) serves to bar relation back in the instant case. This is a situation not of mistake but of lack of knowledge of the proper party. "Sixth Circuit precedent clearly holds that new parties may not be added after the statute of limitations has run, and that such amendments do not satisfy the 'mistaken identity' requirement" of Fed. Civ. R. P. 15(c)(1)(C)(ii). *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) (citing *In re Kent Holland Die Casting & Plumbing, Inc.*, 928 F.2d 1448, 1449-50 (6th Cir. 1991); *Marlowe v. Fisher Body*, 489 F.2d 1057, 1064 (6th Cir. 1973)). "[A]n amendment [relates] back only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake, but it does not permit relation back where, as here, *there is a lack of knowledge of the proper party*." *Ford v. Hill*, 874 F. Supp 149, 153 (E.D. Ky. 1995) (quoting *Wilson v. United States*, 23 F.3d 559, 563 (1st Cir. 1994) (emphasis in original)).

"Substituting a named defendant for a 'John Doe' defendant is considered a change in parties, not a mere substitution of parties." *Cox*, 75 F.3d at 230. *See also Moore v. State of Tennessee*, 267. F. App'x 450 (6th Cir. 2008) (suit against named prison guards does not relate back to original complaint naming "John Doe" guards as defendants); *Bradford v. Bracken Cnty*, No. 09-115-DLB, 2011 U.S. Dist. LEXIS 3894, at *21-22 (E.D. Ky. Jan. 14, 2011) (no relation back permitted for originally-named John Doe defendants); *Thomas v. Bivens*, No. 3:09-CV-62, 2011 U.S. Dist. LEXIS 1005, at *23 (E.D. Tenn. Jan. 5, 2011) (same); *Clark v. Oakland Cnty*,

No. 08-14824, 2010 U.S. Dist. LEXIS 73809, at *7-8 (E.D. Mich. July 22, 2010) (same); *Pierce v. Hamblen Cnty, Tenn.*, No. 2:09-cv-34, 2009 U.S. Dist. LEXIS 84408, at *2 (E.D. Tenn. Sept. 16, 2009) (same); *Avery v. G & S Vending, Inc.*, No. 6:04-494-DCR, 2005 U.S. Dist. LEXIS 20483, at *14 (E.D. Ky. Sept. 19, 2005) (same); *Dye v. City of Warren*, 367 F.Supp.2d 1175, 1183 (N.D. Ohio 2005) (same); *Ford*, 874 F.Supp. at 151 (same).

Plaintiff's compliance with the Court's deadline for service under Fed. R. Civ. P. 4(m), after an extension of time, does not toll the statute of limitations. *Bradford v. Bracken Co.*, 2011 U.S. Dist. LEXIS 3894, at *6-7 n.1 (citing *Burdine v. Kaiser*, No. 3:09-cv-1026, 2010 U.S. Dist. LEXIS 63122, at *2 n.1 (N.D. Ohio June 25, 2010) (finding that "scheduling orders do not toll statutes of limitations. There is 'no authority to support the conclusion that compliance with a scheduling order immunizes an amendment against a statute of limitations defense.'") (quoting *Clark v. Hawkins*, 41 F.3d 664, 664 n. 8 (5th Cir. 1994)). Further, even if the statute of limitations was tolled during the time between the date of the complaint, August 28, 2008, and the date the Court conducted initial review in compliance with 28 U.S.C. § 1915A, March 26, 2009, approximately seven months, Plaintiff's amended complaint against Aubin, Abbott, and Duncan, filed more than two years after the incident occurred, would still be barred by the statute of limitations.

Therefore, the claims against Defendants Abbott, Aubin, and Duncan are barred by the statute of limitations and relation back to the date of the complaint is not permitted under Fed. R. Civ. P. 15(c)(1)(C).

Defendants state in their motion to dismiss that Defendant Duncan is a male. He is therefore presumably not the female lieutenant Plaintiff named as Jane Doe. Plaintiff recently filed two motions to compel the name of that individual. Those motions will be addressed by

4

separate Order. However, since Defendant Duncan joined the instant motion to dismiss, the Court will dismiss the claims against him for the reasons stated herein. To the extent Defendant Duncan is not in fact Jane Doe, Plaintiff has not stated a claim against him, and the claim against him is subject to dismissal.

**III.**

For the foregoing reasons, **IT IS ORDERED** that the motion to dismiss by Defendants Abbott, Aubin, and Duncan (DN 102) is **GRANTED**. The Clerk of Court is directed to **terminate** Defendants Abbott, Aubin, and Duncan as parties to the action.

Date:

cc: Plaintiff, *pro se*
 Counsel of record
4411.010