UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MARTIN ALBERT GORDON                                                    PLAINTIFF

v.                                   CIVIL ACTION NO. 3:08CV-P460-S

CHARLES JONES *et al.*                                            DEFENDANTS

## MEMORANDUM OPINION

Plaintiff initiated this civil action under 42 U.S.C. § 1983. Upon filing the instant action, he assumed the responsibility of keeping this Court advised of his current address and to actively litigate his claims. *See* LR 5.2(d) ("All pro se litigants must provide written notice of a change of address to the clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions."). Moreover, the Court's Revised Scheduling Order, entered on January 13, 2010, stated: "Should Plaintiff change addresses during the pendency of this matter, he must provide written notice of a change of address to the Clerk and to Defendants' counsel."

The Clerk of Court mailed an Order to Plaintiff on February 10, 2011. In response to that mailing, the Fulton County Detention Center sent a letter to the Court dated March 8, 2011, and entered March 17, 2011, stating that Plaintiff is no longer incarcerated there and attaching the February 10, 2011, Order. Moreover, the Court's search of the Kentucky Department of Corrections' website and VineLink.com shows that Plaintiff is no longer incarcerated in Kentucky.

Plaintiff has not advised the Court of a change of address, and he has therefore failed to comply with the Court's Revised Scheduling Order. Neither notices from this Court nor filings by Defendants in this action can be served on Plaintiff. In such situations, courts have an

inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). Furthermore, Fed. R. Civ. P. 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Because Plaintiff failed to comply with the Revised Scheduling Order and appears to have abandoned the prosecution of this case, the Court will dismiss the case by separate Order.

Date:

cc: Plaintiff, *pro se*
 Counsel of record
4411.010